UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KENEUK HELTON, Plaintiff,

v. Civil Action No. 3:22-cv-199-DJH-CHL

CSX TRANSPORTATION, INC., Defendant.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is set for trial on November 16, 2026. (Docket No. 97) On August 27, 2026, Leslie Foreman Helton (Leslie), appearing as the proposed successor to Plaintiff Keneuk Helton (Helton), notified the Court that Helton died on July 25, 2026, and moved to substitute herself as the plaintiff pursuant to Federal Rule of Civil Procedure 25. (D.N. 100) Defendant CSX Transportation, Inc. opposes the motion to substitute. (D.N. 102) After careful consideration, the Court will hold the motion in abeyance and continue the trial for the reasons explained below.

**I.**

Pursuant to Rule 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by . . . the decedent's successor or representative." *Id.* In ruling on a motion to substitute, "[d]istrict courts should . . . look at the facts and circumstances of each case and then determine whether the person moving to substitute will sufficiently prosecute or defend the action on the decedent's behalf." *In re Baycol Prods. Litig.*, 616 F.3d 778, 788 (8th Cir. 2010).

As an initial matter, the parties agree that Helton's "remaining claim for backpay and compensatory relief [under the Americans with Disabilities Act] . . . was not extinguished by [his] death." (D.N. 100, PageID.2978; *see* D.N. 102, PageID.2995; D.N. 103, PageID.3004) Leslie

argues that as Helton's surviving spouse and "sole statutory distributee of the surplus of his personal estate," she is a "successor" under Rule 25 and therefore a proper party to be substituted. (D.N. 100, PageID.2975–76) In the alternative, Leslie requests that the Court hold her motion in abeyance while she obtains formal appointment as the representative of Helton's estate. (*Id.*, PageID.2983) CSX argues that Leslie should be required to seek formal appointment, asserting that she is not a "successor" and that it will be prejudiced if she is substituted without being formally appointed. (*See* D.N. 102, PageID.2996–3002)

Rule 25 does not define the word "successor," *see* Fed. R. Civ. P. 25, and "[t]he Sixth Circuit has not addressed this issue directly." *Clark v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:17-CV-00419-GNS-CHL, 2025 WL 3537283, at *1 (W.D. Ky. Dec. 10, 2025). Several district courts within the Sixth Circuit have followed the D.C. Circuit's opinion in *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969), to adopt a broad definition of "successor." *Clark*, 2025 WL 3537283, at *1 (collecting cases). This broad definition has been distilled into three categories of "successor" first articulated in *Baycol*: "(1) the primary beneficiary of a fully-distributed estate; (2) the person named as executor of the estate in the decedent's will, even if the estate is not probated; and (3) the primary beneficiary of an estate for which probate was not required." *Id.* (citing *Watts v. Novartis Pharms. Corp.*, No. 5:08-cv-2354, 2015 WL 1456647, at *5 (N.D. Ohio Mar. 30, 2015)); *see Baycol*, 616 F.3d at 784–85.

Leslie asserts that she falls into the third category: the primary beneficiary of an estate for which probate is not required. (*See* D.N. 100, PageID.2975 ("No probate estate has been opened because, apart from this pending federal claim, [Helton] left no property requiring probate administration."); D.N. 103, PageID.3007; *see also* D.N. 102, PageID.2997 (recognizing that Leslie claims to fall within the category of successors where the "decedents . . . died without assets

requiring administration")) Kentucky law determines whether Leslie is "the primary beneficiary of [Helton's] estate" and whether probate is required. *Clark*, 2025 WL 3537283, at *2 (citations omitted); *see id.* (applying Kentucky law); 6 Moore's Federal Practice § 25.12[3] (2026) ("The party seeking substitution must show that the person to be substituted is a proper representative or successor under applicable state law."); *Hardy v. Kaszycki & Sons Contractors*, 842 F. Supp. 713, 715, 717 (S.D.N.Y. 1993) (concluding that decedent's spouse, who was "the sole—or at least primary—distributee of the Estate" "[u]nder the [state] intestate distribution statute," was "the proper party to be substituted"); *see also Baycol*, 616 F.3d at 785 (citing *Hardy* as establishing the third category of "successor").

Kentucky law provides that the surviving spouse receives the entirety of the intestate estate when the decedent is survived by "one . . . or more descendants, all of whom are also descendants of the surviving spouse." Ky. Rev. Stat. Ann. § 391.010(1)(a). Here, Leslie declares that (1) she is Helton's "surviving spouse"; (2) Helton "died intestate"; (3) Helton was "survived by two adult daughters"; (4) "[b]oth of [Helton]'s daughters are also [her] daughters, and they are [Helton]'s only descendants"; and (5) Leslie "ha[s] no . . . descendant who is not also [Helton]'s . . . descendant." (D.N. 100-2, PageID.2989) Thus, Leslie is at least "the primary beneficiary of" Helton's estate. *Baycol*, 616 F.3d at 785.

The remaining question is whether Helton's estate "need not be probated." *Id.* CSX argues that Helton's "pending [federal] claim is an asset for which probate is required—or, at a minimum, one for which probate may be required." (D.N. 102, PageID.2998) Leslie does not deny that the lawsuit is an asset but maintains that it does not "require[] appointment before the Court may recognize a successor under Rule 25." (D.N. 103, PageID.3007–08)

Under Kentucky law, property exceeding $30,000 is generally subject to distribution in a probate proceeding. *See* Ky. Rev. Stat. Ann. § 391.030(1); *In re Motors Liquidation Co.*, No. 09-50026 (MG), 2020 WL 4492263, at *2, 4 (Bankr. S.D.N.Y. Aug. 4, 2020) (concluding based on § 391.030(1) that $65,000 settlement distribution "should first be directed to the Claimant's estate in a Kentucky probate proceeding"); *cf. Combs v. Napier*, 706 S.W.3d 161, 166 (Ky. 2024) (citing Ky. Rev. Stat. Ann. §§ 391.030, 395.455). Because the amount of any potential judgment or settlement in Helton's favor is unknown, the Court cannot determine whether probate may ultimately be required. *See Baycol*, 616 F.3d at 785. And as explained below, it is unclear from the existing caselaw whether the mere potential for recovery on a deceased plaintiff's pending claim requires that the estate be probated.

Citing *Mason v. Asset Acceptance, LLC*, No. 1:06-CV-735, 2007 WL 2112347 (S.D. Ohio July 9, 2007), Leslie contends that "[t]he fact that [Helton's] pending claim is itself an asset does not" preclude her substitution. (D.N. 100, PageID.2981; *see* D.N. 103, PageID.3008) Leslie argues that "[t]he deceased plaintiff in *Mason* also had a pending federal claim, yet her sole distributee was allowed to continue it without appointment." (D.N. 103, PageID.3008) But *Mason* was decided before *Baycol*, which established the three categories of "successor." (*See* D.N. 100, PageID.2979) Thus, while the court in *Mason* observed that the plaintiff in that case "died intestate and with no assets," 2007 WL 2112347 at *2, it did not consider whether the plaintiff's estate was required to be probated as a result of the pending claim.[1] *See id.* And the case *Mason* cited in support, *Hardy*, involved substitution of a defendant as opposed to a plaintiff. *See* 842 F. Supp. at 715. Likewise, in *Clark*, the other case relied on by Leslie (*see* D.N. 100, PageID.2978–79; D.N.

[1] In *Clark*, the other case relied on by Leslie (*see* D.N. 100, PageID.2978–79; D.N. 103, PageID.3004–06), the court did not consider this issue because the party being substituted there was a defendant, not a plaintiff. *See Clark*, 2025 WL 3537283, at *1.

103, PageID.3004–06), the court was deciding whether to allow substitution of a defendant, not a plaintiff. *See Clark*, 2025 WL 3537283, at *1. Leslie cites no post-*Baycol* case in which a court allowed substitution of a plaintiff after analyzing whether probate was required, and the Court has found none. *See Kramer v. Ray Klein, Inc.*, No. 3:17-cv-00496-SB, 2018 WL 7108079, at *2–4 (D. Or. Nov. 15, 2018) (recommending substitution of decedent plaintiff without analyzing whether probate was required under state law); *Shannon v. Dollar Tree Stores, Inc.*, No. 4:22-CV-253 RLW, 2023 WL 2891177, at *1 (E.D. Mo. Apr. 11, 2023) (granting substitution of decedent plaintiff without analyzing whether probate was required under state law); *In re Suboxone (Buprenorphine/Naloxone) Film Prods. Liab. Litig.*, Nos. 1:24-md-3092, 1:25-sf-66049, 2026 WL 799228, at *2 (N.D. Ohio Mar. 23, 2026) (same). In sum, the Court is unable to determine at this juncture whether Helton's estate is one that "need not be probated" and thus whether Leslie falls into the third category of "successor." *Baycol*, 616 F.3d at 785 (citation omitted).

Moreover, unlike *Mason*, where there was no apparent or claimed prejudice to the defendant in allowing substitution without formal appointment, *see* 2007 WL 2112347 at *2, here CSX argues at length that it would be prejudiced if Leslie were informally substituted. (D.N. 102, PageID.2998–3001) CSX identifies "at least four categories of risk" that it asserts "make informal substitution inappropriate in this case" (*id.*, PageID.2998), including "the risk that a settlement agreement executed by Leslie alone may be insufficient to bind the estate and be subject to challenge by other interested parties" (*id.*, PageID.2999); potential "expos[ure] to double liability" in the event CSX "pays Leslie in her individual capacity [following a settlement or judgment] and a third party later establishes a competing claim to the proceeds" (*id.*); the risk of "disruption" to the litigation if one of Helton's adult daughters or a creditor later seeks appointment as representative of the estate (*id.*, PageID.3000); and the interests of the Railroad Retirement Board

and possible other creditors in any settlement or judgment in Helton's favor (*id.*, PageID.3000–01).

Leslie acknowledges the risks to CSX and asks the Court to address them without postponing substitution. (*See* D.N. 103, PageID.3008–12) But as discussed above, the limited caselaw on this issue does not support Leslie's suggested approach. Absent clear authority, and to avoid the risk of prejudice to CSX, the Court will not grant Leslie's motion to substitute at this time. Instead, the Court will grant Leslie's alternative request to hold the motion in abeyance for sixty days while she obtains formal appointment (*see* D.N. 100, PageID.2983; D.N. 103, PageID.3013). *Cf. Winterbauer v. City of St. Louis*, No. 4:25-cv-00390-MAL, 2025 WL 3214323, at *3 (E.D. Mo. Nov. 18, 2025) (holding a Rule 25 motion to substitute in abeyance to allow "the movants [to] follow the requirements of Rule 25 and serve a notice of hearing").

**II.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Leslie's motion to substitute (D.N. 100) is **HELD IN ABEYANCE** for **sixty (60) days** from entry of this Order while Leslie obtains formal appointment.

(2) The trial of this matter, currently set for November 16, 2026, is **REMANDED** from the Court's docket. The final pretrial conference set for November 9, 2026, is likewise **REMANDED**. The pending pretrial motions (D.N. 108; D.N. 109; D.N. 110) are **DENIED** without prejudice.

(3) This matter is **RESET** for trial by jury on **February 16, 2027, at 9:00 a.m.** at the U.S. Courthouse in Louisville, Kentucky. Counsel shall be present in the courtroom at 8:30 a.m. The anticipated length of trial is four days.

(4) This matter is **SET** for a final pretrial conference on **February 8, 2027, at 1:30 p.m.** at the U.S. Courthouse in Louisville, Kentucky. All counsel who plan to participate at trial **SHALL** attend the hearing.

(5) At least **twenty-one (21) days** before the final pretrial conference, counsel shall file any motions in limine. **Responses to motions in limine shall be filed within seven (7) days of the filing of the motion. There shall be no replies.**

(6) At least **fourteen (14) days** before the final pretrial conference, counsel shall:

(a) File a list of exhibits intended to be used at trial.

(b) Produce for inspection of opposing counsel, marked for identification, all exhibits and charts that will be used at trial.

(c) Comply with FRCP 26(a)(3) as to witnesses and exhibits.

(d) File a pretrial brief containing a succinct statement of the facts of the case, questions of fact, and questions of law with citations.

(e) Submit agreed proposed jury instructions. For any instructions upon which the parties cannot agree, counsel shall submit proposed instructions with supporting authority.

(f) Submit proposed jury voir dire questions. **The Court will conduct voir dire.**

(g) Designate portions of depositions to be used at trial. Opposing counsel shall have **five (5) days** thereafter to make additional designations.

In the absence of good cause shown, no witness shall be permitted to testify and no exhibit or testimony shall be admitted into evidence except upon compliance with the conditions of this Order.

Any exhibit or chart so submitted and marked for filing at trial shall be admitted into evidence if otherwise competent, unless written objections are filed at or before the pretrial conference.

(7) At the commencement of trial, counsel shall furnish to the official court reporter a list of pre-marked exhibits intended for use at trial.

A hearing on the motion to exclude (D.N. 35) will be set by subsequent Order.

October 30, 2026

**David J. Hale, Chief Judge**
**United States District Court**

cc: Jury Administrator